# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| LONNIE PETERS, Individually and for Others Similarly Situated,<br><br>   Plaintiffs,<br><br>v.<br><br>POWER & ENERGY SYSTEMS, INC.,<br><br>   Defendant. | Case No. _____ |

## CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### SUMMARY

1.      This is an action challenging Power & Energy Systems, Inc.'s (P&E) misclassification of employees as exempt and failure to pay Plaintiff Lonnie Peters (Peters), and other similarly situated workers like him, overtime as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207 et seq., the Maine Payment Wage Law (MPWL), 26 M.R.S.A. §§ 626-A and 629, and the Maine Minimum Wage Law (MMWL), 26 M.R.S.A. §§ 664 and 667 (the Maine statutes are collectively referred to as the Maine Wage Laws).

2.      Instead, P&E pays Peters, and other similarly situated workers like him, the same hourly rate for all hours worked ("straight time for overtime"), including those in excess of 40 in a workweek.

3.      Peters brings this class and collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b). The Court also

has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because P&E operates in this District and Division and because a substantial portion of the events giving rise to this action occurred in this District.

6. Peters worked for P&E in this District in Penobscot County, Maine.

## THE PARTIES

7. Peters was an hourly employee of P&E.

8. Peters worked for P&E from approximately June 2019 until August 2019.

9. His consent to be a party plaintiff is attached as **Exhibit A**.

10. Peters brings this action on behalf of himself and all the class of similarly situated employees or putative class members, properly defined as:

> **All employees working for or on behalf of P&E at any time during the last 3 years who were paid the same hourly rate for all hours worked** (FLSA Class Members).

11. Peters further seeks certification of a class under Fed. R. Civ. P. 23 to remedy P&E's violations of the Maine wage laws.

12. The class of similarly situated employees sought to be certified as a class action under the Maine wage laws is defined as:

> **All employees working for or on behalf of P&E in Maine at any time during the last 6 years who were paid the same hourly rate for all hours worked** (Maine Class Members).

13. Collectively, the FLSA Class Members and Maine Class Members are referred to as the Putative Class Members.

14. Power & Energy Systems, Inc. is a Maine business corporation that maintains its headquarters in Portland, Maine.

15. Power & Energy Systems, Inc. is a company doing business throughout the United States, including in Maine. P&E may be served by serving its registered agent: Arnold C. MacDonald, P.O. Box 9729, Portland, ME 04104-5029.

### COVERAGE UNDER THE FLSA AND MAINE WAGE LAWS

16. At all relevant times, P&E was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all relevant times, P&E was an employer within the meaning of the Maine Wage Laws.

18. At all relevant times, P&E was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all relevant times, P&E was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

20. At all relevant times, P&E had an annual gross volume of sales made in excess of $1,000,000.

21. At all relevant times, Peters and the Putative Class Members (defined above) were engaged in commerce or in the production of goods for commerce.

22. P&E uniformly applied its policy of paying its hourly employees, including Peters, straight time for overtime.

23. P&E applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, education, experience or geographic location.

## THE FACTS

24. P&E provides technical support to power generation companies, including project management, engineering, and construction/start-up services.

25. Peters worked for P&E from approximately June 2019 until August 2019.

26. Peters worked for P&E at the Old Town, Maine Paper Mill.

27. Peters was a Commissioning Engineer for P&E.

28. As a Commissioning Engineer, Peters assisted with the commissioning of systems and monitoring of equipment to ensure it was running according to specification at the paper mill in Old Town, Maine.

29. Peters reported the hours he worked to P&E on a regular basis.

30. Peters was not guaranteed a salary.

31. If Peters worked fewer than 40 hours in a week, he was only paid for the hours works.

32. Peters regularly worked over 40 hours in a week.

33. In fact, Peters routinely worked over 70 hours in a given week.

34. The hours Peters and the Putative Class Members (defined above) work are reflected and recorded in P&E's pay and time records.

35. Rather than receiving time and half as required by the FLSA and Maine Wage Laws, Peters only receives "straight time" pay for overtime hours worked.

36. P&E's "straight time for overtime" payment scheme violates the FLSA and Maine Wage Laws.

37. P&E was and is aware of the overtime requirements of the FLSA and Maine Wage Laws.

38. P&E nonetheless fails to pay certain employees, such as Peters, overtime.

39. P&E did not guarantee Peters and Putative Class Members a salary.

40. P&E's failure to pay overtime to these workers was, and is, a willful violation of the FLSA and Maine Wage Laws.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

41. Peters incorporates all previous paragraphs and alleges that the illegal pay practices P&E imposed on Peters were likewise imposed on the Putative Class Members.

42. Plaintiff brings this suit on behalf of himself and on behalf of a group of all others similarly situated pursuant to 29 U.S.C. § 207, pursuant to Rule 23 of the Federal and Maine Rules of Civil Procedure; and pursuant to 26 M.R.S.A. §§ 626, 629, 664, and 667. Plaintiff seeks certification of a collective action pursuant to the FLSA, 29 U.S.C. § 216(b). With respect to Plaintiff's allegations under Maine law, Plaintiff seeks certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and Maine Wage Laws.

44. Numerous other individuals, like Peters, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA and Maine Wage Laws.

45. Based on his experiences and tenure with P&E, Peters is aware that P&E's illegal practices were imposed on the Putative Class Members.

46. The Putative Class Members were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

47. The potential members of the Maine Class, as defined in paragraph 12, are so numerous that joinder of all members of the class is impracticable.

48. P&E's failure to pay Peters wages and overtime compensation at the rates required by the FLSA and Maine Wage Laws is typical of the Putative Class members and results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

49. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

50. Peters has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Peters has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

51. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

52. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA and applicable state labor laws.

53. Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

54. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

55. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendant employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA and Maine Wage Laws;

  b. Whether the Putative Class Members were improperly misclassified as exempt from overtime pay under the FLSA;

  c. Whether Defendant's decision to classify the Putative Class Members as exempt from overtime pay was made in good faith;

  d. Whether Defendant's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

  e. Whether Defendant's violation of the FLSA and Maine Wage Laws was willful; and

  f. Whether Defendant's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

56. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

## CAUSES OF ACTION

## COUNT I

## FLSA VIOLATION

57. Peters realleges and incorporates by reference all allegations in the preceding paragraphs.

58. As set forth herein, P&E has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

59. P&E knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Peters and the FLSA Class Members overtime compensation. P&E's failure

7

to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

60. Accordingly, Peters and the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorneys' fees and costs.

61. Peters and the FLSA Class Members are entitled to recover their unpaid overtime compensation, liquidated damages, reasonable attorney's fees, costs, and expenses of this action from P&E.

## COUNT II

### MAINE WAGE LAW VIOLATION

62. Peters realleges and incorporates by reference all allegations in the preceding paragraphs.

63. Peters brings this claim under the Maine Wage Laws as a Rule 23 class action.

64. P&E is subject to the overtime requirements of the Maine Wage Laws because P&E is an employer under the Maine Wage Laws. *See* 26 M.R.S. § 591(2).

65. During all relevant times, Peters and the Maine Wage Laws Class were covered employees entitled to the above-described Maine Wage Law protections. *See* 26 M.R.S. § 591(1).

66. P&E failed to pay employees their full wages earned as required by 26 M.R.S. § 621-A.

67. At all relevant times, P&E employed Peters and each Class Member with Maine state law claims as an "employee" within the meaning of the Maine Wage Laws.

68. The Maine Wage Laws requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. 26 M.R.S. § 664(3). Plaintiff and each member of the Maine Class are entitled to overtime pay under the Maine Wage Laws.

69. Defendants have and had a policy and practice of misclassifying Peters and each member of the Maine class as exempt from overtime pay and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

70. The Maine Wage Laws require employers who fail to pay employees their full wages, including overtime, to pay, in addition to the unpaid wages, "a reasonable rate of interest, costs of suit including a reasonable attorney's fee, and an additional amount equal to twice the amount of unpaid wages as liquidated damages." 26 M.R.S. § 626-A.

71. "A person, firm, or corporation, may not require or permit any person as a condition of securing or retaining employment to work without monetary compensation…" 26 M.R.S. § 629.

### JURY DEMAND

72. Peters demands a trial by jury

### PRAYER FOR RELIEF

73. Peters prays for relief as follows:

   a. On all Counts, declare that Plaintiff and the Putative Class members are non-exempt employees.

   b. On Count I, an Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   c. On Count I, an Order pursuant to Section 16(b) of the FLSA finding P&E liable for unpaid back wages calculated at time and one-half for all hours worked over 40 due to Peters and the Putative Class Members;

d.  On Count I, an Order finding P&E liable for liquidated damages equal in amount to the unpaid back wages calculated at time and one-half for all hours worked over 40 due to Peters and the Putative Class Members;

e.  On Count II, an order certifying a Rule 23 class action on behalf of employees working for or on behalf of P&E in Maine at any time during the last 6 years who were not paid overtime for hours worked over 40 but were paid the same hourly rate for all hours worked;

f.  On Count II, an Order finding P&E liable for all unpaid overtime calculated at time and one-half for all hours worked over 40 due to Peters and the Putative Class Members:

g.  On Count II, an Order finding P&E liable for penalties in an amount equal to twice the amount of unpaid wages due to Peters and the Putative Class members:

h.  On all Counts, an Order awarding attorneys' fees, costs, and pre-judgment and post-judgment interest;

i.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/
**Jeffrey Neil Young**
**Maine Bar No. 3874**
**SOLIDARITY LAW, PLLC**
**9 Longmeadow Rd.**
**Cumberland Foreside, ME 04110**
**207-844-4243**
**Jyoung@solidarity.law**

**AND**

10

**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Carl A. Fitz**
Texas Bar No. 24105863
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**